<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SILVIA ESTRADA, | : | Civil Action No. 19-8640 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
| Defendant. | : |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Silvia Estrada ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning January 1, 2013. Two hearings were held before ALJ Leonard F. Costa (the "ALJ") on September 25, 2017 and March 16, 2018, and the ALJ issued an unfavorable decision on April 27, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of April 27, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two principal arguments: the ALJ erred at both steps two and three.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff's appeal rests on two arguments which contend, generally, that the ALJ failed to do something that the law requires. The problem for Plaintiff, however, in one word, is: Shinseki. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps two and three, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first argues that the ALJ erred in failing to find any severe pulmonary impairments at step two. This Court agrees with Plaintiff that, under Third Circuit law, the ALJ's step two determination is in error, since the ALJ found that Plaintiff has chronic asthma. (Tr. 20.) The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work."  SSR 85-28, 1985 SSR LEXIS 19 at *6-8.  Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue.  *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.")  In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow."  McCrea, 370 F.3d at 357.

This Court agrees with Plaintiff that, under the *de minimis* standard set forth in Third Circuit law, the ALJ erred in determining that Plaintiff's chronic asthma is not a severe impairment at step two.  The key question is, however, whether, pursuant to Shinseki, Plaintiff has demonstrated that she was harmed by this error, and this Court finds that she has not done so. At step two, the ALJ found three other severe impairments.  Had the total count been four, instead of three, it would not have made any difference to the outcome.  This Court finds no prejudice to Plaintiff in any error at step two.  Plaintiff has failed to persuade this Court that the ALJ's error at step two harmed her.

Federal Rule of Civil Procedure 61 states: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."  This

4

Court finds that the ALJ's error at step two did not affect Plaintiff's substantial rights under the Social Security Act. It is harmless error.

Plaintiff next argues at step three that the ALJ erred in making the determination that Plaintiff does not meet the criteria for either Listing 12.04 or 12.06. The problem here for Plaintiff, again, is: Shinseki. Plaintiff argues that that the ALJ's assessments of functioning as to the four paragraph B criteria are not supported by substantial evidence. The Court need not examine this argument closely because, even if Plaintiff is correct that the ALJ erred, Shinseki requires that Plaintiff demonstrate that the error was harmful. Plaintiff has not done so. Plaintiff has not even attempted to demonstrate that, but for the errors in analysis of the paragraph B criteria, she would have met the criteria for either Listing 12.04 or 12.06. As a result, she has failed to show that any error harmed her.[1]

The Court observes that Plaintiff's brief does not mount any serious challenge to the residual functional capacity determination at step four. In the absence of a demonstration that Plaintiff meets all the requirements of any Listing, the ALJ's treatment of the evidence from Dr. Fulford's evaluation could potentially have a prejudicial impact on the residual functional capacity determination. The Court notes two things. First, Plaintiff has not raised this argument. Second, at step four, the ALJ's formulation of Plaintiff's residual functional capacity appears to be firmly grounded in the opinions of the state agency reviewers. (Tr. 27.) Plaintiff has not argued that the ALJ erred on that crucial point, and this Court concludes that the Commissioner's ultimate conclusion is supported by substantial evidence.

---

[1] Although Plaintiff's critique of the ALJ's discussion of Dr. Fulford's evaluation may have some merit, even if Plaintiff has persuasively pointed out a possible error, Plaintiff has not even attempted to demonstrate that this error was materially harmful.

5

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

       s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: September 14, 2020