**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SILVIA ESTRADA, | : |
| Plaintiff, | : Civil Action No. 19-8640 (SRC) |
| v. | : **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration by Plaintiff Silvia Estrada of the Opinion and Order entered on September 14, 2020. In that Opinion, and the associated Order, this Court affirmed the decision of the Commissioner of Social Security ("Commissioner") determining that Plaintiff was not disabled under the Social Security Act. For the reasons that follow, the motion for reconsideration will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); L. Civ. R. 7.1(i).

Plaintiff argues that the Court erred in the following paragraph:

The Court observes that Plaintiff's brief does not mount any serious challenge to the residual functional capacity determination at step four. In the absence of a demonstration that Plaintiff meets all the requirements of any Listing, the ALJ's

> treatment of the evidence from Dr. Fulford's evaluation could potentially have a prejudicial impact on the residual functional capacity determination. The Court notes two things. First, Plaintiff has not raised this argument. Second, at step four, the ALJ's formulation of Plaintiff's residual functional capacity appears to be firmly grounded in the opinions of the state agency reviewers. (Tr. 27.) Plaintiff has not argued that the ALJ erred on that crucial point, and this Court concludes that the Commissioner's ultimate conclusion is supported by substantial evidence.

(Opinion of September 14, 2020 at 5.) Plaintiff argues that this Court erred because Plaintiff's brief *did* challenge the residual functional capacity determination.

In the Opinion of September 14, 2020, in writing that "Plaintiff's brief does not mount *any serious challenge* to the residual functional capacity determination at step four," this Court implicitly acknowledged that the brief *did* raise challenges to the RFC determination, but ones that fell short of being serious challenges. (Opinion of September 14, 2020 at 5 (italics added.)) Plaintiff's reconsideration brief points out, correctly, that the appeal brief did argue that the putative errors at steps two and three had harmful effects on the RFC determination at step four. The Court's decision acknowledged this. The problem, for Plaintiff, is that these challenges fell short, as the Court explained.

The Opinion of September 14, 2020 considered Plaintiff's arguments of error at step two and agreed with Plaintiff that the ALJ had erred, but found the error to be harmless. Plaintiff's brief included a paragraph asserting that the step two error had prejudiced the determination at step four, using the phrase, "fruit of the poisonous tree." (Pl.'s Appeal Br. 19-20.) The Court characterized this as *not* a serious challenge to the RFC determination, which was correct. Plaintiff's brief did not even attempt to demonstrate that the medical evidence of record showed that Plaintiff's pulmonary impairments limit her ability to work beyond what the ALJ determined at step four. The Court repeatedly cited <u>Shinseki</u> as authority for the proposition that, on appeal,

Plaintiff bears the burden of proving that an error was harmful. Plaintiff did not demonstrate that the error at step two harmed her at step four. It is not sufficient to merely assert that it could have been harmful.

Similarly, as to step three, in the Opinion of September 14, 2020, this Court considered Plaintiff's arguments that the ALJ erred as to two specific Listings and rejected them. At the end of the subsection of Plaintiff's appeal brief dealing with step three, Plaintiff's brief offered a short argument about the implications for the RFC determination at step four: the ALJ's decision contained "literally no evidence presented as a possible rationale for plaintiff's ability to sustain this sweeping and numbingly familiar 'simple tasks/occasional interaction' mental RFC." (Pl.'s Appeal Br. 29.) The Court considered this argument and rejected it, explaining in the Opinion that "the ALJ's formulation of Plaintiff's residual functional capacity appears to be firmly grounded in the opinions of the state agency reviewers." (Opinion of September 14, 2020 at 5.) Thus, this Court explained that it rejected Plaintiff's assertion that the ALJ presented no evidence to support the nonexertional limitations in the RFC determination because, in fact, the ALJ stated that he relied on the opinions of the state agency reviewers. This is correct. The ALJ wrote:

> The finding of the claimant's residual functional capacity is based on the objective medical evidence and the claimant's testimony. The medical evidence includes the opinions of the physicians of the state agency, as these opinions reflect objective judgments about the nature and severity of the claimant's impairments and resulting limitations (20 CFR 404.1527 and 416.927). The undersigned acknowledges that the state agency physicians are highly qualified and are experts in Social Security disability evaluation.

(Tr. 27.) The Court did not overlook Plaintiff's argument about step four.

Plaintiff has failed to show any basis for reconsideration under Third Circuit law, and the motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 23rd day of September, 2020

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 18) is **DENIED**.

                                                s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.